# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Robert K. Besley, Jr., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FCA US, LLC f/k/a Chrysler Group, LLC,<br><br>Defendant. | Civil Action No. 1:15-cv-01511-JMC<br><br><br><u>**ORDER AND OPINION**</u> |

Plaintiff Robert K. Besley, Jr. ("Plaintiff") filed the instant putative class action seeking damages on behalf of himself and all others similarly situated who purchased "certain branded Ram trucks, including the Ram 1500, whose Monroney stickers[1] contain false representations and for which Plaintiff and class members paid for certain 'optional' equipment which the vehicles did not contain, and which vehicles were manufactured, marketed and sold by Defendant, FCA US, LLC . . . f/k/a Chrysler Group LLC" ("Defendant"). (ECF No. 1 at 1 ¶ 1.)

This matter is before the court by way of Defendant's Motion to Dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 9.) For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

On January 15, 2014, Plaintiff alleges that he purchased a model-year 2014 Ram 1500 Big Horn® pickup truck from Triangle Dodge Chrysler Jeep Dealership in Aiken, South

---

[1] "Named after Oklahoma Senator, Almer Stillwell Monroney, who sponsored the Automobile Information Disclosure Act of 1958, which mandated disclosure of information on new automobiles."  (ECF No. 19 at 1 n.1.)  "The Monroney sticker is required to be affixed to the side window or windshield of every new car sold in the United States and can only be removed by the consumer."  (ECF No. 1 at 4 ¶ 12 (citing 15 U.S.C. § 1231).)  "The Monroney sticker is required to include 'the retail delivered price suggested by the manufacturer for each accessory or item of optional equipment, physically attached to such automobile at the time of its delivery to such dealer.'"  (<u>Id.</u> at ¶ 13 (citing 15 U.S.C. § 1232(f)(2)).)

Carolina.  (ECF No. 1 at 1 ¶ 3, 4 ¶ 10.)  Plaintiff alleges that the Monroney sticker affixed to the truck "indicated that the Ram pickup truck was equipped with the 'Customer Preferred Package 26Z,' which included a 3.55 Rear Axle Ratio."  (Id. at 4 ¶ 14.)  Plaintiff states that he purchased the truck because "he wanted the increased towing capacity provided by [a] larger rear axle ratio."  (Id. at 4–5 ¶ 16.)  However, the truck was actually equipped with a standard 3.21 rear axle ratio.  (Id. at 4 ¶ 15.)

On or about October 23, 2014, Defendant's customer service department allegedly began calling Plaintiff "in order to inform him that the Monroney sticker located in his truck's window at the time of purchase was incorrect."  (Id. at 4–5 ¶ 16.)  Defendant's customer service department further allegedly offered Plaintiff 750 Mopar® dollars.[2]  (Id.)  However, Plaintiff contends that "[t]he cost of increasing the rear axle ratio is substantially more than $750, and replacement parts and labor can cost as much as several thousand dollars . . . [and] [a]t no time during his discussions with Chrysler Customer Service was Plaintiff offered a complimentary replacement of his rear axle."  (Id.)

Plaintiff commenced the instant putative class action against Defendant on April 6, 2015, alleging unjust enrichment (Count 1), promissory estoppel (Count 2), negligent misrepresentation (Count 3) and negligence per se (Count 4).  (ECF No. 1 at 7–10.)  In response to Plaintiff's Complaint, Defendant filed the pending Motion to Dismiss on May 22, 2015.  (ECF No. 9.)  Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss on June 15, 2015 (ECF No. 19), to which Defendant filed a Reply in Support of Its Motion to Dismiss on June 26, 2015.  (ECF No. 23.)

On November 24, 2015, the court held a hearing on the pending Motion to Dismiss.

---

[2] "Mopar is the parts, service and customer care organization within Fiat Chrysler."  (ECF No. 19 at 3 n.2.)  "Mopar parts are original equipment manufacturer (OEM) parts for Chrysler vehicles."  (Id.)

(ECF No. 27.)

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.     ANALYSIS

A.     <u>Dismissal of Plaintiff's Causes of Action for Unjust Enrichment and Promissory Estoppel</u>

   *1. The Parties' Arguments*

Defendant moves for dismissal of Plaintiff's equitable claims of unjust enrichment and

3

promissory estoppel arguing that he cannot pursue equitable claims when a contract governs the transaction at issue.  (ECF No. 9-1 at 5 (citing Turner v. Rams Head Co., C.A. No. 3:05-2893-CMC, 2007 WL 2579386, at *7 (D.S.C. Sept. 4, 2007) ("[A]n an action for unjust enrichment cannot lie in the face of an express contract.") (citation omitted); R.E. Phelon Co., Inc. v. Clarion Sintered Metals, Inc., 2006 WL 2573136, at *12 (D.S.C. Sept. 5, 2006) ("Promissory estoppel is therefore inapplicable in situations where a contract exists.")).)  Specifically, Defendant asserts that Plaintiff has a contractual remedy because his "claims are premised entirely on allegations of FCA US having made a promise on a label affixed to his truck which it failed to fulfill" and "any such promise constitutes an express warranty and gives rise to a contractual claim for breach of express warranty under the UCC."  (ECF No. 23 at 3 (citing S.C. Code Ann. § 36-2-313 (2014) ("Express warranties by the seller[3] are created as follows: (a) Any affirmation of fact or promise, including those on containers or labels, made by the seller to the buyer, whether directly or indirectly, which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods conform to the affirmation or promise.")).)  Defendant further asserts that Plaintiff's contractual claim is an adequate remedy at law and therefore he cannot pursue equitable claims. (ECF No. 9-1 at 6 (citing, e.g., Catholic Society of Religious & Literary Educ. v. Madison Cnty., 74 F.2d 848, 850 (4th Cir. 1935) ("[T]he fundamental rule in equity in the federal courts is that a suit will not lie when there is an adequate remedy at law")).)

      Plaintiff opposes the Motion to Dismiss his equitable claims of unjust enrichment and promissory estoppel.  Plaintiff argues that his equitable claims are viable under South Carolina law because "a contract does not exist between the manufacturer of an automobile and the vehicle's purchaser, when purchased through a dealer."  (ECF No. 19 at 4 (citing Odom v. Ford

---

[3] "A 'seller' under the UCC is defined as anyone 'who sells or contracts to sell goods.'"  (ECF No. 23 at 3 n.2 (citing S.C. Code Ann. § 36-2-103(1)(d)).)  "It is not limited to 'direct' sellers, and no privity requirement is imposed."  (Id.)

4

Motor Co., 95 S.E.2d 601, 603–04 (S.C. 1956) ("The general rule is that privity of contract is required in an action for breach of an implied warranty and that there is no such privity between a manufacturer and one who has purchased the manufactured article from a dealer or is otherwise a remote vendee.")).)  Because he does not have a contract with Defendant, Plaintiff argues that he should be allowed to pursue his equitable claims.  (Id. at 5–6.)  Plaintiff also asserts that his unjust enrichment and promissory estoppel claims should not be dismissed since "he has no adequate remedy at law because his injury is not governed by any contract . . . ."  (ECF No. 19 at 7.)  Moreover, Plaintiff asserts that "a cursory review of the elements of both causes of action yields no requirement that there be any 'adequate remedy at law' before asserting claims for unjust enrichment or promissory estoppel."  (Id.)

2. *The Court's Review*

In South Carolina, unjust enrichment and promissory estoppel are equitable doctrines.  "Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."  Ellis v. Smith Grading & Paving, Inc., 366 S.E.2d 12, 14 (S.C. Ct. App. 1988) (citing Barrett v. Miller, 321 S.E.2d 198, 199 (S.C. Ct. App. 1984)).  "Promissory estoppel is an equitable doctrine which provides that 'an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sustain the perpetration of fraud or would result in other injustice.'"  Glover v. Lockheed Corp., 772 F. Supp. 898, 907 (D.S.C. 1991) (quoting Higgins Constr. Co. v. S. Bell Tel. & Tel., 281 S.E.2d 469, 470 (S.C. 1981)).  In South Carolina, a party is generally precluded from pursuing a claim for either unjust enrichment or promissory estoppel where a valid contract governs the subject matter in dispute.  See, e.g.,

5

Palmetto Health Credit Union v. Open Solutions Inc., No. 3:08-cv-3848, 2010 WL 2710551, at *4 (D.S.C. July 7, 2010) ("Recovery under a theory of unjust enrichment is available only where the rights and responsibilities at issue are not governed by an express contract.") (citation omitted); Glover v. Lockheed Corp., 772 F. Supp. 898, 907 (D.S.C. 1991) ("Promissory estoppel is inapplicable in situations where a contract exists since a necessary element of a valid contract is consideration.").

As summarized above, Defendant seeks dismissal of Plaintiff's equitable claims of unjust enrichment and promissory estoppel on the ground that he has an adequate contractual remedy. Defendant asserts that contractual claims arise in this matter due to an express warranty created by the provisions of the Monroney sticker that was attached to Plaintiff's Ram pickup truck. In other words, if the Monroney sticker operates as a contract between the parties in this case, Plaintiff cannot maintain causes of action against Defendant for unjust enrichment and promissory estoppel.

In contrast to Defendant's position, Plaintiff strongly disputes the breadth and scope of enforceability of any contractual provisions with Defendant. (See ECF No. 19 at 5 ("[N]o such contract exists.").) Moreover, Plaintiff did not incorporate allegations into his equitable claims that he and Defendant had a contractual agreement. Therefore, because there is a specified dispute regarding the contractual adhesiveness of the aforementioned express warranty, the court finds it premature to dismiss Plaintiff's causes of action for unjust enrichment and promissory estoppel. Melton v. Carolina Power & Light Co., C/A No. 4:11-cv-00270-RBH, 2012 WL 2401635, at *3 (D.S.C. June 25, 2012) ("Even if Defendant is correct, at this stage, the question is not whether Plaintiff may ultimately recover on unjust enrichment, or even whether an unjust enrichment claim is meritorious. The question is simply whether an unjust enrichment claim

may legally move forward."). Accordingly, Defendant's Motion to Dismiss Plaintiff's equitable claims of unjust enrichment and promissory estoppel is denied.

B.    Dismissal of Plaintiff's Causes of Action for Negligent Misrepresentation and Negligence Per Se

*1. The Parties' Arguments*

Defendant argues that it is entitled to dismissal of Plaintiff's claims for negligent misrepresentation and negligence per se because "these claims are barred by the economic loss rule, which provides that there is no tort liability for a product defect where the only damage suffered by the plaintiff is to the product itself." (ECF No. 9-1 at 7 (citing Sapp v. Ford Motor Co., 687 S.E.2d 47, 49 (S.C. 2009); id. at 8 (citing In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig., MDL No. 8:11-mn-02000-JMC, C/A No. 3:11-cv-02784-JMC, 2013 WL 1316562, at *5 (D.S.C. Mar. 27, 2013) (quoting Sapp[4])).)

In opposing the dismissal of his causes of action for negligent misrepresentation and negligence per se, Plaintiff argues that the economic loss rule is inapplicable based on the source of the duty he is alleging Defendant owed to him. (ECF No. 19 at 10.) In this regard, Plaintiff asserts that "Defendant created a special relationship with Plaintiff when it attached the Monroney sticker to Plaintiff's vehicle[]" and "the breach of that duty of care will support a tort

---

[4] In Sapp, the South Carolina Supreme Court observed:

> In the context of products liability law, when a defective product only damages itself, the only concrete and measurable damages are the diminution in the value of the product, cost of repair, and consequential damages resulting from the product's failure. Stated differently, the consumer has only suffered an economic loss. The consumer has purchased an inferior product, his expectations have not been met, and he has lost the benefit of the bargain . . . . Accordingly, where a product damages only itself, tort law provides no remedy and the action lies in contract; but when personal injury or other property damage occurs, a tort remedy may be appropriate.

Sapp, 687 S.E. 2d at 49.

action." (Id. (citing S.C. State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 346 (S.C. 1986)).)

2. *The Court's Review*

In South Carolina, the economic loss rule bars recovery in tort "for a product defect without a claim of injury to the person or other property of the plaintiff." See Carolina Winds Owners' Ass'n v. Joe Harden Builder, Inc., 374 S.E.2d 897, 901 (S.C. Ct. App. 1988) (giving the general rule).[5] "If the only damage is diminution in the value of the product itself, the plaintiff's remedy lies in contract,[6] whether the loss results from inferior quality of the product, its unfitness for an intended use, its deterioration, or its destruction by reason of the defect." Id. "In most instances, a negligence action will not lie when the parties are in privity of contract." Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc., 463 S.E.2d 85, 88 (S.C. 1995). "When, however, there is a special relationship between the alleged tortfeasor and the injured party not arising in contract, the breach of that duty of care will support a tort action." Id. (citing generally S.C. State Ports Auth.). "[T]he question of whether the plaintiff may maintain

---

[5] Carolina Winds was overruled by Kennedy v. Columbia Lumber and Mfg. Co., Inc., 384 S.E.2d 730, 737 (S.C. 1989), wherein the South Carolina Supreme Court provided the following additional commentary on the economic loss rule:

> This rule exists to assist in determining whether contract or tort theories are applicable to a given case. Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses. Conversely, where a purchaser buys a product which is defective and physically harms him, his remedy is in either tort or contract. This is so, the analysis provides, because his losses are more than merely "economic."

Kennedy, 384 S.E.2d at 736.

[6] "The economic loss rule is founded on the theory that parties to a contract may allocate their risks by agreement and do not need the special protections of tort law to recover for damages caused by a breach of the contract." S.C. Elec. & Gas Co. v. Westinghouse Elec. Corp., 826 F. Supp. 1549, 1557 (4th Cir. 1993) (citing E. River S.S. Corp. v. TransAmerica Delaval, Inc., 476 U.S. 858, 872–874 (1986)).

an action in tort for purely economic loss turns on the determination of the source of the duty plaintiff claims the defendant owed." Id. "A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie." Id. "A breach of a duty arising independently of any contract duties between the parties, however, may support a tort action." Id. (citing generally S.C. State Ports Auth.).

In order for his negligent misrepresentation and negligence per se causes of action to survive dismissal based on the economic loss rule, Plaintiff must establish a duty of care arising outside the provisions of the Monroney sticker. Plaintiff attempts to do this by alleging that Defendant "was negligent in that it failed to comply with federal automobile information disclosure regulations and laws which were intended to protect purchasers of automobiles, like Plaintiff and the Class members, from injuries caused by adulterated, misbranded, and otherwise dangerous medical devices . . . [and] [t]hose regulations include, among others, 15 U.S.C. § 1231, 15 U.S.C. § 1232, and 15 U.S.C. § 1233." (ECF No. 1 at 10 ¶ 45.) Upon review, the court concludes that Plaintiff has not sufficiently alleged a duty arising independent of the Monroney sticker that would allow his tort claims to go forward. The appellate authority simply does not exist under South Carolina law to allow an alleged violation of either statutory law or a regulatory standard to serve as an exception to the economic loss rule. Moreover, this court should not create such an expansion of existing law. See, e.g., Burris Chem., Inc. v. USX Corp., 10 F.3d 243, 247–48 (4th Cir. 1993) ("Under Erie Railroad v. Tompkins, supra, the federal courts sitting in diversity rule upon state law as it exists and do not surmise or suggest its expansion."); Bennett v. Ford Motor Co., 236 F. Supp. 2d 558, 562–63 (D.S.C. 2002) (Recognizing that expanding South Carolina tort law is "not the role of this [c]ourt" and thus refusing to recognize an exception to the economic loss rule for a breach of industry standards.).

Therefore, Defendant is entitled to dismissal of Plaintiff's tort claims for negligent misrepresentation and negligence per se pursuant to the economic loss rule.

C.     Dismissal of Plaintiff's Class Claims

   *1. The Parties' Arguments*

Defendant moves to dismiss the class action allegations in the Complaint arguing that "the class allegations should be dismiss/eliminated because it is not plausible (or possible) the class defined in the Complaint could be certified." (ECF No. 9-1 at 9.) In support of its argument, Defendant offers the following explanation in support of dismissal of Plaintiff's class allegations:

> Here, the class definition proposed by Plaintiff is one that requires a decision on the merits in order to determine class membership. Plaintiff defines the class as those who purchased trucks which "contained false and deceptive information concerning the equipped rear axle ratio." See Comp., ¶ 17. In order to determine who is in this class, the Court would first have to determine what "information" about the rear axle ratio was "contained" in the trucks and whether that information was "false and deceptive." Questions of the nature and extent of the "information" provided and whether it is "false and deceptive" are clearly merits issues and thus, the purported class cannot be certified.

(Id.)

In response to the aforementioned, Plaintiff counters that because Defendant is moving for dismissal of the class allegations (as opposed to decertification), it has a heavy "burden of demonstrating from the face of the plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove, . . . ." (ECF No. 19 at 11 (citing Bryant v. Food Lion, Inc., 774 F. Supp. 1484, 1495 (D.S.C. 1991).) In this regard, Plaintiff argues that Defendant's Motion is premature because "the class definition can be revised to avoid the 'fail safe' issues" that occur if the putative class is defined by reference to the merits of the claim. (Id. at 12–13.)

2. *The Court's Review*

To prevail on its argument seeking dismissal of class allegations when Plaintiff has yet to move for class certification pursuant to Fed. R. Civ. P. 23, Defendant must demonstrate from the face of Plaintiff's Complaint that it will be impossible to certify the class alleged by Plaintiff regardless of the facts he may be able to prove. Bryant, 774 F. Supp. at 1495.[7]  Defendant asserts that such impossibility exists regarding Plaintiff's proposed class definition because it "is one that requires a decision on the merits in order to determine class membership." (ECF No. 9-1 at 9.) In support of its position, Defendant cites several cases for the proposition "that a class which is defined by reference to the merits of a claim is legally deficient and cannot be certified." (Id. (citing Melton v. Carolina Power & Light Co., 283 F.R.D. 280, 288 (D.S.C. 2012); Solo v. Bausch & Lomb Inc., C/A Nos. 2:06-MN-77777-DCN, 2:06-CV-02716-DCN, 2009 WL 4287706 (D.S.C. Sept. 25, 2009); Cuming v. S.C. Lottery Comm'n, C/A No. 3:05-cv-03608-MBS, 2008 WL 906705 (D.S.C. Mar. 31, 2008); Paulino v. Dollar Gen. Corp., C/A No. 3:12-cv-75, 2014 WL 1875326 (S.D. W. Va. May 9, 2014)).)

In considering the merits of Defendant's position, it is important to note that the courts in the cases cited by Defendant were reacting to proposed class definitions in the context of pending motions for class certification. See id.  Plaintiff has yet to move for certification of class pursuant to Fed. R. Civ. P. 23 in this case. Moreover, as prescribed by Rule 23, a class definition is not finalized until it is defined in the order certifying the class action. See Fed. R. Civ. P. 23(c)(1)(B).  Therefore, the court concludes that Defendant is premature in its request for dismissal of Plaintiff's class allegations. Banks v. Wet Dog, Inc., C/A No. RDB-13-2294, 2014 WL 4271153, at *4 (D. Md. Aug. 28, 2014) ("Normally, courts reserve their analysis of the

---

[7] This is analogous to the standard of review for motions brought pursuant to Fed. R. Civ. P. 12(b)(6). See Bryant, 774 F. Supp. at 1495.

propriety of a proposed class until the plaintiffs move for class certification.") (citation omitted). Accordingly, Defendant's Motion to Dismiss Plaintiff's class allegations is denied.

## IV.     CONCLUSION

Upon careful consideration of the allegations in the Complaint and the arguments of the parties, the court hereby **GRANTS IN PART** Defendant's Motion to Dismiss (ECF No. 9) and **DISMISSES** Plaintiff's causes of action for negligent misrepresentation and negligence per se. Defendant's Motion to Dismiss is **DENIED** with respect to Plaintiff's causes of action for unjust enrichment and promissory estoppel and as to his class allegations.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 8, 2016
Columbia, South Carolina